# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00623-CV

## In re J. B.

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator J.B. has filed a petition for writ of mandamus seeking to have this Court (1) vacate the trial court's temporary order granting the Texas Department of Family and Protective Services temporary conservatorship of J.B.'s child, (2) instruct the trial court to return the child to J.B., and (3) instruct the trial court to dismiss the Department's case. In the mandamus petition, J.B. asserts that the trial court abused its discretion by issuing the July 15, 2019 temporary order without making a finding based on sufficient evidence that "reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to prevent or eliminate the need for removal of the child." Tex. Fam. Code § 262.102(a)(4). However, J.B. states that the trial court held a hearing on August 8, 2019, at which it denied motions filed by J.B. and allowed the Department to maintain control over the child. When J.B.'s petition for writ of mandamus was filed, the Court instructed him that the petition did not comply with Texas Rule of Appellate Procedure 52.7(a)(2), which establishes that "Relator must file with the petition: . . . (2) a properly authenticated transcript of any

relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." No transcript from the hearing has been submitted to this Court, nor has a statement been submitted that no testimony was adduced in connection with the complained-of matter. As the party seeking relief, J.B. has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). He has failed to do so, and in the absence of an adequate record, we are unable to determine that J.B. is entitled to mandamus relief. Accordingly, on this record, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Filed:   September 27, 2019